320 P.2d 664

Franz B. SCHICK and Mary Eve S. Schick, his wife, Plaintiffs and Appellants,

v.

Raymond J. ASHTON, Raymond L. Evans and B. Eugene Brazier, a partnership, doing business as Ashton, Evans and Brazier, Defendants and Respondents.

No. 8651.

Supreme Court of Utah.

Jan. 27, 1958.

Gustin, Richards, Mattsson & Evans, J. Thomas Greene, Jr., Salt Lake City, for appellants.

Boyden, Tibbals, Staten & Croft, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment against plaintiffs on a verdict of no cause of action and for defendants on their counterclaim. Affirmed with costs to defendants.

Plaintiffs employed a nationally known California architect to design a home. Plans were prepared but illness prevented his continued efforts. Defendant, Brazier, an architect with whom plaintiffs were acquainted, was engaged orally to adapt the plans to local conditions, and the plans he approved appeared to include an adequate heating plant. Bids for construction were sought. All received were rejected as being in excess of expectations.

Brazier suggested that other contractors be consulted, and that cutbacks be effected to suit plaintiffs' budget. Plaintiffs insisted on changes to effectuate such purpose. A radiant two-furnace, air-floor heating system was agreed upon by plaintiffs and defendants as a substitute for the more expensive boiler system originally contemplated. The heating system installed is the nub of this controversy, plaintiffs urging that defendants agreed but failed to see that an adequate heating system was installed. Defendants countered that plaintiffs' insistence on altering the plans relieved them of their initial agreement, but that, even so, the system was adequate anyway. For the purpose of this appeal we assume an obligation on the part of defendants to see that an adequate system was installed.

Plaintiffs say 1) defendants failed to fulfill their contract, 2) the jury instructions were erroneous, confusing and conflicting and 3) the verdict on defendants'

counterclaim was unsupported by evidence or the law.

■ As to 1): Whether a promisor has made and kept his promise is a jury question where the evidence is in conflict. Plaintiffs urge that defendants violated their contract as a matter of law. Apparently plaintiffs base such contention on facts related in their brief which are most favorable to their own position. But such contention does not square with the familiar and oft-repeated principle that on review the evidence will be canvassed in a light most favorable to the approval of the jury's verdict. It assumes that the testimony of Mr. and Mrs. Schick, not specifically shared by any other witness, to the effect that the heating plant produced insufficient heat for comfort, of necessity should have been considered as unimpeachable, and that the testimony of a heating engineer with respect to defects in the system must have been accepted by the jury without question. It ignores the testimony of other experts and that of defendants to the contrary, as is reflected in the very voluminous record.

In view of such conflict we cannot say that reasonable minds could not have determined that the heating system was adequate.

■ As to 2): Error is claimed in giving an instruction generally to the effect that an architect is no insurer, but nevertheless must render faithful service and perform with an ability and care commensurate with that of one skilled in the profession, but adding that the mere fact of an inaccuracy in plan or imperfection in work would not render him liable under such circumstances. Although the instruction could have been stated less generally, we cannot believe that a jury of intelligent persons could have been confused or misled in view of the fact that another instruction clearly and unequivocally told the jury that, the defendants, having held themselves out as being such skilled architects, would be liable if, because of lack of such skill, or because of negligence, plaintiffs were damaged.

Error also is urged in instructing that defendants were not bound to perform as plaintiffs subjectively demanded, since such instruction ignored the contract. We do not take it that plaintiff contends, nor does the record reflect, that defendants agreed to see to it that a heating system other than adequate would be forthcoming, so it is difficult to see how plaintiffs were prejudiced by such an instruction.

■ The same reasoning applies to plaintiffs' contention that the court erred in telling the jury that defendants would be blameless if plaintiffs insisted on a performance other than that agreed upon by

the parties. Such insistence, which in a given case, could be most unreasonable, should not bind the supervising architect so as to constitute him an insurer. In this connection, it may be pointed out that there was evidence of plaintiffs' insistence that a departure be made from the initially contemplated plans.

Instructions relating to damages also were attacked as being erroneous. In view of the verdict of no cause of action, it would seem that any instructions given in this case as to damages did not affect the rights of plaintiffs.

As to plaintiffs' assertion that the court erred in not giving certain instructions, the reasons for such error not having been defined or argued, we feel constrained not to comment thereon and to conclude that such contention is without merit.

As to 3): The contention that the jury erred in finding a lesser sum than that claimed by defendants in their counter-claim seems unfounded, else any litigant claiming more but receiving less at the hands of a jury would be at the mercy of his opponent who then could claim error because of the lesser verdict. Besides, in this case, there was some evidence, though slight, that would support the lesser verdict.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.